IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CATHY SWIFT, ADMINISTRATOR,
FOR THE ESTATE OF ALLEN ST. JOHN,

    Plaintiff,

v.

DAVID HICKEY, SHERIFF, et al.,

    Defendants.

CASE NO. C2-02-682
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE TERENCE P. KEMP

**OPINION AND ORDER**

This matter is before the Court for consideration of the Defendants', David Hickey, Craig Wolfe and Charles Boyer, Motion for Judgment as a Matter of Law, pursuant to Fed. R. Civ. P. 50(b), or, alternatively, for a new trial pursuant to Fed. R. Civ. P. 59. For the reasons that follow, Judgment as a Matter of Law is GRANTED with respect to Defendant David Hickey. The Motion is DENIED in all other respects.

I.

This case was tried to a jury in February of 2006. The original Plaintiff, Allen St. John,[1] brought three claims against Sheriff Hickey, and Deputies Craig Wolfe and Charles Boyer. St. John contended that he was arrested without probable cause. St. John also alleged that the officers were negligent in taking him by wheelchair down the step of his front porch, causing him to fall from the device. Third, St. John alleged that the Defendants used excessive force in attempting to place him in the rear of a police cruiser.

---

[1] Mr. St. John died during the pendency of this case. Thereafter, his mother, Cathy Swift, as Administrator of his Estate, was substituted as Plaintiff.

Prior to trial, in an Opinion and Order dated February 7, 2006, this Court held that under state law, the Defendants were not liable in their official capacities, based upon Ohio Rev. Code § 2744.02.[2] In the same Opinion, this Court also held that as to the individual Defendants under state law, the jury would have to decide whether such actions or omissions were reckless or malicious. Prior to trial, this Court also held that the Defendants were immune, under Ohio Rev. Code § 2744.03(A)(6)(b), as to claims for negligence. This provision of Ohio law provides immunity from civil liability as to state law claims brought against public employees, unless the "employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."[3] Finally, the Court held that whether St. John had been arrested and prosecuted in the absence of probable cause was a matter to be resolved by the jury.

This case was tried to a jury on four counts. In the first count, Plaintiff alleged that the Defendants unreasonably arrested St. John without probable cause and relief was sought under 42 U.S.C. § 1983. The second claim, also under § 1983, alleged that the Defendants used excessive force against St. John. The third claim asserted that under state law the Defendants

---

[2]Ohio Rev. Code § 2744.02 states in part:

> Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

[3]Upon review of this same case, the Court of Appeals found:

> As they removed St. John from the house, it is undisputed that Boyer and Wolfe dropped St. John, who was in his wheelchair, to the ground. St. John does not contend this amounted to excessive force, however, conceding instead that it was mere negligence.

*St. John v. Hickey*, 411 F.3d 762, 772 n.3 (6th Cir. 2005).

2

falsely arrested and imprisoned him. Finally, the Plaintiff also claimed that the Defendant, Sheriff Hickey, maliciously prosecuted him, in violation of Ohio law.

As to Count Two, the jury found for the Plaintiff and against all Defendants on the claim of excessive force under § 1983. The jury assessed damages against each Defendant in the amount of $1,000.00 and also awarded punitive damages in the amount of $1,000.00 against Sheriff Hickey and $500.00 against both Wolfe and Boyer. With regard to Counts One, Three and Four, the jury returned verdicts in favor of the Defendants.

## II.

The factual circumstances involved in this case have been described in several prior opinions. *See St. John v. Hickey*, 411 F.3d 726 (6th Cir. 2005); *Opinions and Orders* from this Court, February 7, 2006 and November 20, 2003. To summarize, Plaintiff contends that the officers arrested him without probable cause, unreasonably effectuated the arrest, and used excessive force in attempting to place him in a police cruiser.

Before turning to Defendants' requested relief, the Court notes that at one time the Plaintiff asserted a claim for negligence regarding his fall from the wheelchair as the deputies removed him from his home. As the Court of Appeals noted in this case, St. John contended that such conduct on the part of the deputies "was mere negligence." *St. John v. Hickey*, 411 F.3d at 772 n.3. Prior to the commencement of trial, this Court addressed with counsel whether state law permitted a claim for negligence, or whether the deputies were entitled to immunity under state law. Ohio Rev. Code § 2744.03(A)(6)(b) grants immunity to a employee of a political subdivision unless the "employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." Based upon this provision of Ohio law, and the Court's prior

3

opinion of February 7, 2006, the undersigned held that the Defendants were entitled to immunity under state law as to claims of negligence.

The Defendants contend in their Motion for Judgment as a Matter of Law or for a New Trial that, based upon the evidence presented, a reasonable jury could only have returned a verdict in favor of the Defendants. As to Defendant Hickey, he contends that he never touched the Plaintiff, used no force against him, and caused St. John no harm. Defendants Wolfe and Boyer contend that St. John suffered no injury or damages from the attempts to place him in the back of the cruiser. They also contend that any force used was reasonable under the circumstances. Finally, all three Defendants contend that there is no basis for an award of punitive damages in that there was no evidence of malice or reckless indifference to the Plaintiff's civil rights.

### A. Motion for Judgment as a Matter of Law

Rule 50(b) states:

b) Renewing Motion for Judgment After Trial; Alternative Motion for New Trial; Conditional Rulings.

If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment -- and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:

    (1) if a verdict was returned:
        (A) allow the judgment to stand,
        (B) order a new trial, or
        (C) direct entry of judgment as a matter of law; or
    (2) if no verdict was returned:

4

> (A) order a new trial, or
> (B) direct entry of judgment as a matter of law.

As held in *Garrison v. Cassens Transport Co.*, 334 F.3d 528, 537-38 (6th Cir. 2003):

> Cassens moved for judgment as a matter of law pursuant to Rule 50 at the conclusion of Garrison's case in chief, at the end of trial and again after the jury's verdict. On appeal, it argues that the evidence at trial was insufficient to support the jury's finding . . . "An appeals court reviews a denial of a Rule 50(b) motion *de novo*, applying the same test as the district court must apply. *Gray v. Toshiba Am. Consumer Prods.*, 263 F.3d 595, 598 (6th Cir. 2001). "We do not weigh the evidence, evaluate the credibility of the witnesses, or substitute our judgment for that of the jury." *Wehr v. Ryan's Family Steak Houses, Inc.*, 49 F.3d 1150, 1152 (6th Cir. 1995). "Instead, we must view the evidence in the light most favorable to the party against whom the motion is made, and give that party the benefit of all reasonable inferences." *Phelps v. Yale Sec. Inc.*, 986 F.2d 1020, 1023 (6th Cir.), *cert. denied*, 510 U.S. 861, 114 S.Ct. 175, 126 L.Ed.2d 135 (1993). "The motion should be granted, and the district court reversed, only if reasonable minds could not come to a conclusion other than one favoring the movant." *K & T Enters, Inc.* [*v. Zurich Ins. Co.*, 97 F.3d at 171, 176 (6th Cir. 1996)].

It is also clear that a judgment as a matter of law should only be granted "if a complete absence of proof exists on a material issue in the action, or if no disputed issue of fact exists on which reasonable minds could differ." *LaPerriere v. Int'l Union UAW*, 348 F.3d, 127, 132 (6th Cir. 2003). Further, the Court must consider that juries are allowed to draw inferences from the evidence presented and that such inferences may provide the basis for an appropriate verdict. *Karam v. Sagemark Consulting, Inc.*, 383 F.3d 421, 429 (6th Cir. 2004).

1. **Defendants Wolfe and Boyer**

Defendants Wolfe and Boyer contend that no evidence of excessive force was presented by the Plaintiffs. In addition, Defendants Wolfe and Boyer assert that the evidence

presented was insufficient to justify an award of punitive damages.

Because Allen St. John is now deceased, his deposition testimony was admitted as evidence and presented to the jury. According to his testimony, Officers Wolfe and Boyer opened the back door of the police cruiser, removed him from his wheelchair and tried to force him into the backseat. Mr. St. John contended that his legs would not bend and he could not fit in the backseat of the cruiser. He further testified that Deputy Boyer grabbed his left leg and, while trying to push it into the car, wedged the leg in between the door and the frame. According to St. John, he kept complaining to the deputies that his leg was hurting. Thereafter, he began vomiting and hyperventilating.

Defendants Wolfe and Boyer did not deny attempting to place St. John in the backseat of the cruiser. Both deputies testified that St. John deliberately frustrated their efforts to place him in the rear of the cruiser. Both also testified that they did not physically injure him.

While Defendants Wolfe and Boyer contend that no evidence was presented to establish the use of excessive force, a reasonable jury could consider all the testimony and draw such inference. The evidence on this issue was contested and conflicting. Consequently, the verdict of the jury as to Defendants Wolfe and Boyer was not unreasonable. The Court cannot conclude that reasonable minds could only have found for both Defendants on the claim of excessive force under § 1983.

Defendants Wolfe and Boyer also contend that the evidence presented to the jury does not support an award of punitive damages. The jurors were instructed to complete Special Verdict Forms 1, 2 and 3 if they first found in favor of the Plaintiff against the Defendants as to St. John's claims under § 1983 for use of excessive force. The jury specifically determined that

the acts of the Defendants were done intentionally, recklessly, with malice, or with careless indifference to the Plaintiff's federally protected rights. Again, in viewing all the evidence presented, and recognizing a sharp divergence in the testimony, the Court concludes that the jury credited the testimony of Allen St. John, as opposed to Defendants Boyer and Wolfe. Consequently, the Court cannot conclude that the jury verdict was unreasonable, as a matter of law, with regard to punitive damages.

For these reasons, the Motion for Judgment as a Matter of Law sought by Defendants Wolfe and Boyer is DENIED.

2.  **Sheriff Hickey**

Sheriff Hickey contends that the evidence cannot support the jury's verdict finding him liable to the Plaintiff for use of excessive force. As noted, this was the only claim on which liability was imposed upon Sheriff Hickey. Further, as indicated above, the Defendants are immune from state claims based upon negligence regarding the Plaintiff's fall from his wheelchair as he was being carried from the front of his residence to the police cruiser.

Sheriff Hickey contends that he cannot be liable for use of excessive force in that he had no physical contact with the Plaintiff. There is no dispute that Sheriff Hickey did not touch Allen St. John and was actually in the residence at the time Deputies Wolfe and Boyer attempted to place the Plaintiff in the rear of the cruiser. As the Plaintiff contends, however, the question is whether Sheriff Hickey actively participated in or otherwise directed the acts of Boyer and Wolfe. At the time of this incident on November 9, 2000, Hickey was a Corporal with the Vinton County Sheriff's Department and was in charge of the night shift. This Court previously held that Sheriff Hickey was not liable in his official capacity for failure to train deputies as to

7

lawful methods of arresting a disabled person. This holding was affirmed in *St. John v. Hickey*, 411 F.3d at 775-76.

The issue presented in Hickey's Motion raises the question of supervisor liability under § 1983 as to use of excessive force. As explained in *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002), the Court held

> "[S]imple negligence is insufficient to support liability of [supervisory officials] for adequate training, supervision, and control of individual officers." *Hays* [*v. Jefferson County*, 668 F.2d 869, 872 (6th Cir. 1982)]. A supervisory official may not be held liable under § 1983 for the misconduct of those the official supervises unless the plaintiff demonstrates that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays*, 668 F.2d at 874. Supervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior. *Bass* [*v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)].

The same principles were expressed in *Bass v. Robinson* which held

> In order for liability to attach to Lieutenant Lashbrook for the alleged actions of Officer Robinson, Plaintiff must prove that Lieutenant Lashbrook did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989); *see Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993). Plaintiff must show that Lashbrook otherwise encouraged or condoned the actions of Officer Robinson. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. *Leach*, 891 F.2d at 1246. Instead, the liability must be based upon active unconstitutional behavior. *Id.* Liability under this theory must be based upon more than a mere right to control employees and cannot be based upon simple negligence.

167 F.3d at 1048.

The law of the Sixth Circuit is clear that before a supervisor may be liable for inadequate control of subordinate officers, such person must have been actively involved in the unlawful conduct or at least directly or indirectly condoned the unlawful conduct.

Defendant Hickey played no part in attempting to place the Plaintiff in the rear of the police cruiser. He did not touch the Defendant, did not direct his placement, and did not otherwise command the scope or methods used by Deputies Boyer and Wolfe. Hickey was in St. John's residence at the time Boyer and Wolfe attempted to place him in the cruiser. The unrefuted testimony from Hickey demonstrates that only after St. John began yelling did he leave the residence and go to the cruiser. Hickey then directed the officers to take the Defendant out of the cruiser and put him back in the wheelchair. Hickey then radioed for an emergency medical squad, since Hickey was concerned that St. John was having difficulty breathing.

The undersigned expressed concern at the conclusion of the Plaintiff's case in chief that no evidence had been presented upon which a jury could, consistent with the law, hold Hickey liable for use of excessive force under § 1983. Nonetheless, the undersigned permitted the matter to be submitted to the jury and indicated to counsel that the matter could be revisited, if necessary, post verdict. The Court is now convinced that the evidence adduced by Plaintiff is insufficient, as a matter of law, to find that Defendant Hickey used excessive force in violation of the Fourth Amendment against Mr. St. John. For these reasons, the Court finds that Hickey's Motion for Judgment as a Matter of Law should be GRANTED.

Concomitantly, the award of punitive damages again Hickey on the same claim cannot stand. Because Hickey is not liable to Plaintiff on this claim, the award of punitive damages against him must also be VACATED.

**B.      Motion for a New Trial**

Rule 50(c)(1) states:

(c) Granting Renewed Motion for Judgment as a Matter of Law; Conditional Rulings; New Trial Motion.

> (1) If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

As noted in *Moore's Federal Practice 3d*, Section 59.13(2)(a):

As a general rule, courts will not disturb jury verdicts in the absence of extreme circumstances, such as a case of manifest injustice or abuse of the jury's function. Courts will sustain jury verdicts if reasonable bases exist to uphold the verdict . . . However, a jury's verdict can be against the great weight of the evidence, and thus justify a new trial, even if there is substantial evidence in support of the verdict sufficient to defeat a Motion for Judgment as a Matter of Law.

Having denied the motion of the Defendants Wolfe and Boyer for judgment as a matter of law, the Court is also not inclined to grant a new trial as to either of these two Defendants. While a different jury could, of course, draw a different conclusion, this Court cannot say that the verdict was against the great weight of the evidence.

As to Defendant Hickey, the issue is more problematic. In granting Hickey's Motion for Judgment as a Matter of Law, this Court has concluded that the jury verdict was contrary to this Circuit's case law regarding claims of excessive force under § 1983. The key question is whether Defendant Hickey, as a supervisor, may be liable for the conduct of Deputies Boyer and Wolfe. The question is not related to the weight of the evidence or analysis of testimony.

Consequently, this Court, while granting a judgment as a matter of law under Rule 50, does not believe that a new trial would otherwise be warranted under Rule 59. If the Court of Appeals were to find that, as a supervisor, Hickey is liable for the conduct of Deputies Wolfe and Boyer, this Court does not believe that a new trial would be warranted and the original verdict could be reinstated. The issue is not the weight of the evidence, but rather the applicable legal standard under the factual circumstances at issue in this case.

For these reasons, the Defendants' Motion for a New Trial is DENIED.

### III.

Based upon the foregoing, the Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial for Defendants Boyer and Wolfe is **DENIED**. The Motion of Defendant Hickey for Judgment as a Matter of Law is **GRANTED**. The alternative Motion of Defendant Hickey for a New Trial is **DENIED**.

**IT IS SO ORDERED.**

5-26-2006
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**